UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60578-CIV-COHN/GOODMAN

COSSETTE CUNILLERA MUNIZ,

    Plaintiff,

v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Omnibus Report and Recommendations on Summary Judgment Motions [DE 16] ("Report") submitted by United States Magistrate Judge Jonathan Goodman regarding the parties' cross motions for summary judgment [DE 10; DE 13] (collectively, the "Motions"). The Court has carefully reviewed the Report, the Motions, Plaintiff's Objections [DE 17], Defendant's Response to Plaintiff's Objections [DE 18], the record in the case, and is otherwise fully advised in the premises.

Because Plaintiff filed timely objections, the Court has reviewed *de novo* the portions of the Report to which Plaintiff has objected. 28 U.S.C. § 636(b)(1); LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir. 1988), cert. denied 488 U.S. 958 (1988). For the reasons discussed below, the Court agrees with Judge Goodman's reasoning and analysis that Plaintiff's Motion for Summary Judgment should be denied and Defendant's Motion for Summary Judgment should be granted.

In his Report, Judge Goodman found that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled was supported by substantial evidence. DE 16 at 11. Plaintiff raises one objection to Judge Goodman's Report—that Judge Goodman erred in finding that the ALJ was not required to consider the evaluation of psychiatrist Dr. Maxine Sadhai because it did not qualify as a medical opinion. DE 17 at 1-2. The Court finds Plaintiff's objection without merit and will adopt Judge Goodman's conclusion as stated in his Report.

The Court's review of an ALJ's decision is limited to "whether [the decision] is supported by substantial evidence and whether it is based on proper legal standards." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). The Eleventh Circuit has described this standard as follows:

> Substantial evidence is something "more than a mere scintilla, but less than a preponderance." Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir.1987) (internal quotation and citation omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." Phillips v. Barnhart, 357 F.3d 1232, 1240 n. 8 (11th Cir.2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted).

Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

Pursuant to 20 C.F.R. § 404.1520c, an ALJ must consider the "claimant's proffered medical opinions" when evaluating a social security claim. Medical opinions are statements "from a medical source about what [the claimant] can still do despite [her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" the ability to perform physical demands of work activities (such as sitting, standing, walking, carrying, or crouching); the ability to perform mental demands of work activities (such as understanding,

2

remembering, or carrying out instructions); the ability to perform other demands of work (such as seeing or hearing); and the ability to adapt to environmental conditions.  20 C.F.R. § 404.1513.

Dr. Sadhai opined that Plaintiff's "social functioning is moderate," and while she "interacts and relates well with others," she "is limited by her depression and panic attacks."  DE 9 at 816.  As Judge Goodman accurately stated, "Dr. Sadhai's statement does not qualify as a medical opinion under 20 C.F.R. § 404.1513 because it failed to address what Plaintiff could still do or not do at work as a result of her mental health limitations."  DE 16 at 10.  Plaintiff contends that Dr. Sadhai's use of the term "others" indicates that Plaintiff's panic attacks and depression limit her ability to interact with coworkers and supervisors.  DE 17 at 2.  However, as Judge Goodman pointed out, "[m]erely stating that Plaintiff 'is limited by her depression and panic attacks' is not sufficient to be a medical opinion because, without any specification, the Court is unable to determine the extent of Plaintiff's limitations and whether those limitations are so severe that they would bar her from working entirely."  DE 16 at 10.  As such, Dr. Sadhai's statement was not a medical opinion that the ALJ was required to weigh because it failed to address what Plaintiff can or cannot do despite her impairments.  See Glover v. Colvin, 705 F. App'x 815, 817-18 (11th Cir. 2017) (holding that the ALJ did not err in failing to weigh a doctor's opinion that "[r]eliability is likely to be a problem due to mood instability and lack of motivation" because the doctor "did not express that opinion in terms of how it would limit [the claimant's] ability to work.").  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Objections [DE 17] are **OVERRULED**;

3

2. The Report and Recommendation [DE 16] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**;

4. Defendant's Motion for Summary Judgment [DE 13] is **GRANTED**;

5. The decision of the Commissioner in this case is **AFFIRMED**, and the Complaint [DE 1] in this case is **DISMISSED** on the merits; and

6. The Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 10th day of February, 2025.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF